### 16778. NORMAN *et al.* *v.* THE STATE.

The evidence as to ownership of the dwelling house alleged to have been maliciously injured was sufficient to support the allegation as to ownership; and the verdict of guilty was authorized by the evidence.

DECIDED NOVEMBER 11, 1925.

Indictment for malicious mischief, from Colquitt superior·court —Judge Persons presiding. August 13, 1925.

*James L. Dowling,* for plaintiffs in error.

*Clifford E. Hay, solicitor-general,* contra.

BLOODWORTH, J. 1. The special ground of the motion for a new trial will not be considered, because it is not specifically argued in the brief of plaintiff in error, and there is no general insistence on all the grounds of the motion.

2. It is urged that a new trial should be granted on the general grounds, counsel for plaintiff in error calling attention to the fact that in the indictment it was alleged that the dwelling house which was "willfully and maliciously" injured was "the property of J. E. Powell," and that this allegation was not supported by

proof. J. E. Powell swore: "The house belonged to me because I bought it from the First National Bank. . . I had owned the house some little time. . . On the day that Castleberry moved out I went into possession. I have been in possession ever since." Mrs. Castleberry, while testifying about the injury to the dwelling, said: "The bank sold it to Mr. Powell." This evidence went to the jury without objection, was not contradicted, and is sufficient to establish the ownership of the property in J. E. Powell. There is sufficient evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*