**Theodore R. SIMS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 1730.

Municipal Court of Appeals for the
District of Columbia.

Submitted Dec. 19, 1955.

Decided Jan. 17, 1956.

Charles S. Brown, Washington, D. C., for appellant.

Leo A. Rover, U. S. Atty., Lewis Carroll, E. Tillman Stirling, and Richard J. Snider, Asst. U. S. Attys., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted by a jury of destroying private property in violation of D.C.Code 1951, § 22–3112. While several errors are alleged, the question for decision is whether the trial court was right in denying a motion for judgment of acquittal at the conclusion of the government's case.

The essential facts may be summarized as follows: The complainant testified that in January 1955 she was the successful bidder at a foreclosure sale of certain premises located in the District of Columbia, which sale resulted from appellant's being in default in the terms of the mortgage. Prior to the sale and on two occasions thereafter she inspected the premises and noted they were in good repair. Later she was refused permission to enter the premises by appellant. In March 1955 the complainant sent a letter to appellant asserting ownership and requesting him to vacate the premises immediately. It was necessary to institute eviction proceedings, which were successfully prosecuted, and she gained possession of the premises on May 10, 1955. Upon inspection, she noticed that the property had been damaged

and that certain fixtures were removed. Complaint was lodged and a conference was held by an Assistant United States Attorney, at which time appellant admitted he had taken certain fixtures and removed paneling and a celotex ceiling which he had placed in the house prior to the sale. It was agreed that these items would be returned but when appellant failed to comply, the prosecution proceeded. Complainant's testimony was substantially corroborated by two other witnesses. At the conclusion of the government's case, appellant moved for a judgment of acquittal on the ground that the government had failed to prove by the best evidence, ownership or the right of possession in the complainant at the time the injuries complained of occurred. The motion was denied and no evidence was offered by or on behalf of appellant.

 As has been stated many times, in considering a motion for judgment of acquittal, the court must construe the government's evidence in the light most favorable to it and accept the same as true, giving the government the benefit of all the inferences which may be reasonably drawn therefrom and giving full effect to the right of the jury to weigh the evidence and to draw justifiable inferences from the facts.[1] With this rule in mind, we are firmly convinced that the evidence supported the conviction. There was testimony, which was not contradicted, that complainant purchased the premises at foreclosure, sent a letter to appellant alleging ownership, and successfully prosecuted a suit for eviction. While the deed would of course have been evidence of ownership, it was not the only admissible evidence relating to it. Complainant's testimony was equally competent and was admissible.[2] We think the evidence was quite enough to require the case to be submitted to the jury upon the question as to whether complainant was the holder of the legal title or had right of possession when the offense was committed.[3] Considering the entire case, we conclude that the record presents no error on the part of the trial judge for which the judgment should be reversed.

Affirmed.

1. Bates v. United States, 95 U.S.App.D.C. 57, 219 F.2d 30; Battle v. United States, 92 U.S.App.D.C. 220, 206 F.2d 440; Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229.

2. Meyers v. United States, 84 U.S.App. D.C. 101, 113, 171 F.2d 800, 812, 11 A.L.R.2d 1; Ford v. District of Columbia, D.C.Mun.App., 102 A.2d 838, affirmed 95 U.S.App.D.C. 87, 219 F.2d 769; cf. Anderson v. District of Columbia, D.C. Mun.App., 48 A.2d 710.

3. Norman v. State, 34 Ga.App. 602, 130 S.E. 217; Woods v. State, 10 Ga.App. 476, 73 S.E. 608; cf. People v. O'Brien, 404 Ill. 236, 88 N.E.2d 486.