UNITED STATES of America,
Appellee,

v.

Marion Lee IVEY, Appellant.

No. 8658.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1962.

Decided Nov. 9, 1962.

**228**

D. K. Stewart, Dunn, N. C., and Maupin, Broughton, Taylor & Ellis, Raleigh, N. C., on the brief for appellant.

William L. Hill, II, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on the brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and HUTCHESON, District Judge.

ALBERT V. BRYAN, Circuit Judge.

In this illicit still case Marion Lee Ivey appeals his conviction on the ground that the District Court erred in its charge to the jury in respect to the submission of the provisions of 26 U.S.C. § 5601(b) (1), reading as follows:

"(b) *Presumptions.*—

"(1) *Unregistered stills.*—Whenever on trial for violation of subsection (a) (1) the defendant is shown to have been at the site or place where, and at the time when, a still or distilling apparatus was set up without having been registered, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)."

The defendant had been indicted on four counts. The first stated the offense —embraced in subsection (a) (1) referred to in the statute just quoted—of having in his possession, custody and control an unregistered still, 26 U.S.C. § 5179. The remaining counts charged, in this order, that Ivey had worked at a distillery on which no sign had been placed showing it to be a registered distillery, 26 U.S.C. § 5180; that he had made, and caused to be made, certain mash fit for distillation, 26 U.S.C. § 5601(a) (7); and that he had removed and concealed certain whiskey with intent to evade the tax imposed thereon, 26 U.S.C. § 7206(4). The jury found against the accused on all counts.

The defendant Ivey offered no evidence, but his plea of not guilty, of course, denied his participation in the unlawful undertaking. The officers testified they observed him taking part in the enterprise. On this conflict the Court charged under the first count as follows:

"The law provides that whenever on trial or for violation of the law I have just read you, the defendant is shown to have been at the site or place where and at the time when a still or distilling apparatus was set up without having been registered, such presence of a defendant shall be determined [sic] sufficient evidence to authorize his conviction unless the defendant explains such presence to the satisfaction of the jury."

Later, on the same count, the District Judge stated to the jury:

"If you find from the evidence beyond a reasonable doubt that the defendant was at the site or place where and at the time when the still or distillery apparatus described in the indictment was located, such presence of the defendant is sufficient evidence for you to convict the defendant unless the defendant explains such presence to your satisfaction."

While he might have charged similarly in respect to Count 3, he did not do so.

Primarily, the grievance of the appellant is that this instruction should not have been limited to the bald terms of the statute. In so curt a submission, he contends, the clause, "such presence of the defendant shall be deemed sufficient evidence to authorize the conviction", largely negates both the presumption of the accused's innocence and the prosecution's burden to prove guilt beyond a reasonable doubt. He argues that the Court was obligated to expound to the jury the statute's proper place in the case. The right of the jury, notwithstanding the statutory presumption, to consider and give effect to any evidence which might establish the lawfulness, or create doubt of the unlawfulness, of the defendant's presence at the still site, the appellant urges, should have been explained in the charge.

█ It would have been preferable, we think, for the Court to have enlarged upon the effect of the statute. Cf. Bray v. United States, 306 F.2d 743, 746, 748 (D.C.Cir. 1962); Bates v. United States, 95 U.S.App.D.C. 57, 219 F.2d 30, 33, cert. denied, 349 U.S. 961, 75 S.Ct. 891, 99 L.Ed. 1283 (1955). The statute, the jury would then be charged, simply declares that additional effect and weight shall be given to evidence proving that the defendant was present at the still: it authorizes the jury to consider such evidence as sufficient to convict the accused in the absence of an explanation of his presence there. An admonition would be added that the declaration of the stat-

ute was subject to rebuttal. The jury would then be told they had the right to accept or reject the authorization of the statute, as they saw fit, in ascertaining whether the accused was an actor in the venture or simply an innocent bystander. The Court would properly say that if the jury believed beyond a reasonable doubt from the force of the statute alone, or together with supplementing evidence, that the defendant was guilty, they should convict him. However, they would have to be cautioned that in making this determination they must remember that the statute does not erase the initial presumption of innocence or the Government's burden to prove the accused guilty beyond a reasonable doubt. But, the Court would continue, if after considering the statute and the evidence, including any evidence tending to explain the presence of the accused at the still, the jury had a reasonable doubt of his guilt, they must acquit. Explanation of his presence at the still need not come from the defendant personally, the charge should note, but might appear from the circumstances proved or the testimony of other persons.

However, instantly the Court does not feel that the failure of the District Judge to amplify his charge was reversible error. Previously he had painstakingly defined each of the offenses, emphasizing that every element of the crime had to be proved beyond a reasonable doubt before conviction could follow. Repeatedly he recalled to the jury the presumption of innocence and the necessity that they be satisfied beyond a reasonable doubt before finding guilt in any instance. He warned them that no duty rested upon the defendant to disprove the indictment. The defendant's omission to testify, he instructed, carried no unfavorable inference whatsoever. Cf. Smith v. United States, 273 F.2d 462, 466 (10th Cir. 1959), cert. denied, 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960); Maynard v. United States, 94 U.S.App.D.C. 347, 215 F.2d 336, 338–341 (1954). *But see* United States v. Hernandez, 290 F.2d 86, 90 (2d Cir. 1961).

■■ The point is made by the appellant that in giving the statute to the jury, the District Judge used the word "determined" instead of the statute's verb "deemed", in that part of the statute declaring the defendant's presence sufficient to authorize conviction. According to the United States Attorney and the affidavit of the Official Court Reporter the transcript is in error in showing that "determined" rather than "deemed" was used in the charge. If essential, any such difference between the parties as to the record would be settled by the District Court on remand for that purpose. F.R. Crim.P. 39(b); F.R.Civ.P. 75(h). But we do not believe the discrepancy vital or the jury misled even if "determined" was used in the charge.

A fair trial, we think, was accorded the appellant, and a verdict of guilty was inescapable under the evidence. We affirm the conviction.

Affirmed.