No. 479. BECK v. UNITED STATES. C. A. 5th Cir. Certiorari denied. *William F. Walsh* for petitioner. *Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Julia P. Cooper* for the United States.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

Like *United States* v. *Shotwell Mfg. Co.,* 355 U. S. 233, 234, "This case presents an unusual question involving the integrity of a criminal trial in the federal courts."

Petitioner was convicted by a jury of violating 21 U. S. C. § 176a—smuggling marihuana into the United States. The Court of Appeals affirmed. 317 F. 2d 865. A principal witness for the Government was a woman, Janet Watkins, arrested with petitioner, the marihuana having been discovered in her hair. Before petitioner's trial, she pleaded guilty to transporting marihuana without having paid a transfer tax, and the smuggling charge against her was then dismissed. At the trial, she testified on cross-examination that her guilty plea was still in effect, that no action, personally or through an attorney, had been taken to withdraw it, and that she did not then intend to withdraw it. The judge instructed the jury that he had accepted the plea only after she admitted knowing that the marihuana was in her hair.

Following affirmance in the Court of Appeals, petitioner filed two petitions for rehearing and a motion to supplement the record, pointing out that the judge who presided at his trial had subsequently granted the woman's unopposed motion to withdraw the guilty plea and that, on the Government's motion, the indictment against her was dismissed. In support of his request that the case be remanded to the Federal District Court for an inquiry into the propriety of what had transpired, petitioner pre-

sented this newly discovered letter from one of the woman's attorneys to the other:

"Since Janet pled guilty she has had a conference with Hugh Johnson, Probation Officer, who believes that she was a victim of circumstances the same as you and I believe. After conferring with the Probation Officer he was able to have a conference with Judge Connally* concerning the matter, who, in turn, had a conference with Janet personally. It is my understanding, although not confirmed, that Judge Connally is of the same opinion as we are. After conferring with Judge Connally we were able to talk to Bill Jackson of the Federal District Attorney's office, who is also convinced that Janet is a victim of circumstances and not guilty.

"The present course of action is as follows: Janet will be a witness for the Government against Mr. Beck. After she testifies against him, Janet will withdraw her plea of guilty to not guilty, and the cases will be tried before the court if tried at all. Although the Government has not promised anything, they have as much as indicated her cases will be dismissed. . . ."

Had all these facts been known and disclosed at the time of the trial they might have had an effect on the outcome. For the case was submitted to the jury on two separate theories—that petitioner alone smuggled the marihuana into the United States and that he aided and abetted Janet Watkins in doing so. The jury returned a general verdict; and on appeal the Court of Appeals rejected the argument that the case had been improperly submitted on the aider and abetter theory. 317 F. 2d, at 870–871.

---

*Judge Connally presided at petitioner Beck's trial in this case.

The Government argues that petitioner should have proceeded by filing a motion for a new trial. See Rule 33, Fed. Rules Crim. Proc. "It is more appropriate, whenever possible, to correct errors reachable by the appeal rather than remit the parties to a new collateral proceeding." *Bartone* v. *United States,* 375 U. S. 52, 54.

I would grant certiorari, reverse the judgment below, and remand the case for a new trial. Cf. *Brady* v. *Maryland,* 373 U. S. 83.