**UNITED STATES of America,**
**Appellee,**

v.

**Oswald Godfrey JORDAN, Appellant.**

**No. 9255.**

United States Court of Appeals
Fourth Circuit.

Argued April 30, 1964.

Decided Aug. 26, 1964.

Thomas A. Garland, Baltimore, Md. (Court-assigned counsel), for appellant.

Arthur G. Murphy, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge.

At about 5:30 A.M. on May 11, 1963, investigators of the Alchohol and Tobacco Tax Unit of the Treasury Department and an agent of the Maryland Alcohol and Tax Enforcement Unit visited the site of an illicit distillery in Charles County, Maryland, which they had previously located. While they were concealed at approximately 6:10 A.M., the defendant was observed walking along a path leading to the still. After a few minutes, one of the investigators followed the path and saw defendant standing in the still yard. The defendant ran but was apprehended. After being arrested the defendant admitted that the still belonged to him, that he was there to check the mash and had intended to run it the next day. The still was fired by a gas burner. He had brought with him to the site two gallons of gas.

A Grand Jury returned an indictment containing three counts, charging possession of an unregistered still; carrying on the business of a distiller without giving bond; and making mash on premises other than a distillery duly authorized according to law. Title 26 Sections 5179(a) and 5601(a) (1); 5173(a) and 5601(a) (4); 5222(a) (1) and 5601(a) (7) U.S.C.A. were cited as the applicable statutes.

The defendant appeared without counsel. Thereupon the court appointed counsel, the defendant was arraigned and entered a plea of not guilty. In due course a waiver of trial by jury was properly executed.

Before trial counsel for the defendant moved to dismiss the indictment on the ground that it is laid in part on Title 26 Section 5601 U.S.C.A. Section 5601 (b) creates a presumption of guilt by proof of the mere presence of the defendant on the offending premises. It is contended that such presumption is in violation of the due process clause of the Fifth Amendment. The motion was denied and the case proceeded to trial. At the conclusion of the trial, the motion to dismiss was renewed and again denied. There was also filed a motion to dismiss because of insufficient evidence. That motion was likewise denied and the defendant was found guilty on all counts and sentence was imposed.

This appeal has been taken from that judgment.

From the foregoing statement of facts it is clear that this is not a case in which the mere presence of the defendant at an illegal still is relied upon for a conviction and we do not find it necessary to pass upon the constitutionality of the presumption which Congress undertook to create by the enactment of Section 5601(b).

Unlike United States v. Ivey, 310 F.2d 227 (4th); Barrett v. United States, 322 F.2d 292 (5th); and United States v. Romano, 330 F.2d 566 (2nd) this case was tried without a jury so no instructions are before us for consideration nor was there a request for special findings under Rule 23(c) Federal Rules of Criminal Procedure.

Considering the clear affirmative evi-·dence shown by the record it would be unrealistic to infer from the general finding of the trial court that the defendant has been prejudiced by the injection into this case of Section 5601 (b).

We find the contentions of the defend-.ant without merit and the case is af-.firmed.

Affirmed.