**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Thomas CHITWOOD, Defendant-Appellant.**

**No. 71–1613.**

United States Court of Appeals, Sixth Circuit.

March 28, 1972.

Edwin C. Lenow, Memphis, Tenn., Court appointed, on brief for defendant-appellant.

Robert F. Colvin, Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on brief.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

William Chitwood appeals from a jury conviction on four counts of interstate transportation of stolen automobiles in violation of the Dyer Act, 18 U.S.C. § 2312. Chitwood alleges several defects in the trial below: denial of a speedy trial, denial of a mistrial, refusal to order production of Jencks material, insufficiency of the evidence, and erroneous jury charge. We find these contentions without merit and affirm.

### 1) Speedy Trial

■ Chitwood was arrested by Memphis, Tennessee, police officers and federal agents on July 17, 1970, and held in lieu of $25,000 bond. He was indicted on October 14, 1970, and tried on March 15 and 16, 1971. Chitwood contends that he was deprived of his Sixth Amendment right to a speedy trial by the delay between arrest and trial. He makes no factual allegation of prejudice arising from the delay. There is no indication that witnesses became unavailable or that the delay was purposeful. It appears that some of the delay is attributable to his numerous pretrial motions. While the delay in this case was regret-

table and every effort should be exerted by District Courts to reduce the time between arrest and trial, the mere passage of time will not lead us to speculate as to the possibility of prejudice. See Barker v. Wingo, 442 F.2d 1141, 1142 (6th Cir. 1971) and cases cited therein, cert. granted, 404 U.S. 1048, 92 S.Ct. 719, 30 L.Ed.2d 729 (1972).

### 2) Jencks Act

■ At trial the prosecutor refused to turn over certain FBI reports asserted by Chitwood to be producible under the Jencks Act, 18 U.S.C. § 3500.[1] A defense motion for production of Jencks material imposes on the trial judge an affirmative duty to conduct a non-adversary hearing, out of the presence of the jury, to ascertain whether documents in the possession of the Government are Jencks Act "statements." Campbell v. United States, 365 U.S. 85, 95–96, 81 S. Ct. 421, 5 L.Ed.2d 428 (1961) (Campbell I.)

■ FBI agent Stanley Peterson testified at the hearing that he had interviewed the Government witnesses in a question and answer form, had made rough notes of the interviews, and had typed up reports summarizing the notes, destroying the notes after checking the accuracy of the reports. He further testified that the witnesses had never seen the typed reports. This testimony was an insufficient basis upon which to rule that the reports were not producible.

Such reports would be producible if (1) the notes were read back to and verified by the witnesses and (2) the reports summarized the notes without material variation. See Campbell v. United States, 373 U.S. 487, 492, 495, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963) (Campbell II).

■ Ordinarily this court would be inclined to remand this case for augmentation of the record on the Jencks issue. See Campbell I, supra, 365 U.S. at 98–99, 81 S.Ct. 421. However, the District Judge wisely ordered the reports to be made part of the record, sealed for appellate review. We have examined carefully the reports and the entire trial transcript and conclude that this case presents "extraordinary circumstances" under which it is perfectly clear that the defense was not prejudiced. United States v. Missler, 414 F.2d 1293, 1304 (4th Cir. 1969) (citations omitted), cert. denied, 397 U.S. 913, 90 S.Ct. 912, 25 L. Ed.2d 93 (1970). See United States v. Gardin, 382 F.2d 601, 606 (2d Cir. 1967). The disposition of this case is not to be construed as an indication that this court is prepared to depart routinely from the remand procedure. We are not inclined as a general procedure to make initial determinations from the record which more appropriately should be made by the District Court subject to review by this court under clearly erroneous standard. The "judge who presided at the trial is uniquely situated to

---

1. " § 3500. Demands for production of statements and reports of witnesses
 \* \* \* \* \*
"(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

\* \* \* \* \*
"(e) The term 'statement', as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—
"(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or
"(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement."

make . . . the determination of whether failure to require production of the questioned statement to appellant, if error, might have been prejudicial." Lloyd v. United States, 412 F.2d 1084, 1088 (5th Cir. 1969) (footnote omitted).

### 3) Sufficiency of the Evidence

■ On appeal the evidence and the inferences reasonably drawn therefrom must be viewed in that light most favorable to the government. *See* Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Conti, 339 F.2d 10, 13 (6th Cir. 1964). There is no dispute that the cars were stolen and that Chitwood had transported them in interstate commerce. The sole controversy centers about Chitwood's contention that there was not sufficient evidence that he knew that they were stolen when he transported them.

■ Knowledge of the stolen character of the automobile is an essential element of the offense charged. As is usual in such cases, evidence of the defendant's state of mind was circumstantial. Apart from the inference of knowledge flowing from the recent possession of stolen property, there was evidence that Chitwood sold the automobiles from hotels in the Memphis area for cash prices ranging from $1200 to $4600 under the name Bill Morton. Further, Chitwood was arrested in the stolen Cadillac that was the subject matter of the fifth count of the indictment. In this vehicle the public vehicle identification number carried on a metallic place inside the windshield had been altered from its true number 252 514 to a bogus identification number 252 544.[2] Chitwood had in his possession a Massachusetts registration certificate in the name of Harold Berman covering a Cadillac having identification number 252 544. The expiration date of this certificate had been removed. Under the front seat was a New York vehicle registration in the name of Daniel J. Kelly covering the same vehicle. This car bore New York license plates corresponding to this registration. The license plate number designation of the New York registration was visibly irregular. We conclude, as did the District Judge, that on this evidence the jury could find Chitwood guilty as charged beyond a reasonable doubt.

### 4) Mistrial and Instructions

On the first morning of the trial Howard Silversmith testified that his Cadillac had been stolen in New York City and recovered in Long Beach, California. Following the noon recess the prosecutor informed the court that the witness expected to identify Chitwood as the seller of this automobile was unable to identify him. Judge Brown ordered the testimony stricken and instructed the jury to disregard it. Chitwood's motion for a mistrial was denied.

■ Where evidence of similar uncharged criminal acts offered to show state of mind is not positively connected to the defendant, the trial judge has an obligation to strike the evidence and instruct the jury to disregard it. Whether the trial judge should order a mistrial is a matter within his sound discretion. He is in the best position to evaluate the impact of the evidence and determine whether the jury can disregard it. We find no abuse of discretion in this case.

■ The District Judge gave complete and cogent instructions to the jury on the elements of the offense. At several points he charged that actual knowledge of the stolen character of the automobiles was an essential element of the offense to be proved beyond a reasonable doubt. We find no error in this charge.

Affirmed.

---

2. A false painted aluminum plate had been cemented over the valid plate. The true number was ascertained by inspection of a correct identification number concealed in a confidential location on the vehicle.

All of the stolen vehicles involved had the public identification numbers similarly altered. There is no direct evidence, however, that Chitwood was responsible for or aware of the alterations.