905 F.2d 1539
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip FRIED, Defendant-Appellant,
 No. 89-6539.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Phillip Fried appeals the district court's order denying his request to produce certain memoranda of interviews with a government witness under the Jencks Act, 18 U.S.C. Sec. 3500. For the reasons that follow, we affirm.
 
 I.
 
 2
 On February 18, 1987, a federal grand jury named Fried and twenty-eight other individuals as defendants in a thirty-seven count indictment. Fried was indicted on one count of violating 21 U.S.C. Sec. 846 by conspiring to possess with intent to distribute and to distribute controlled substances, but he was acquitted of this charge. The indictment also charged Fried with two counts of violating 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 by possessing with intent to distribute cocaine. Fried was convicted on these charges following a jury trial, and the district court sentenced him to four years imprisonment with a special parole term of three years and a special penalty assessment fee of $100.[1]
 
 
 3
 At his trial, Fried sought production of two Federal Bureau of Investigation (FBI) Form 302 memoranda of interviews. The memoranda summarized notes taken by an FBI agent during two interviews with Roger Dale Curry, an indicted co-conspirator who pleaded guilty and testified as a government witness. The memoranda do not purport to be substantially verbatim recitals of what Curry said. The district court denied Fried's motion for production of the memoranda, holding that they were not Jencks' material because Curry did not adopt the memoranda as his own statement.
 
 
 4
 Fried appealed his conviction to this court arguing that the district court erred by denying his motion for production of Curry's statement under the Jencks Act. In an unpublished opinion, we accepted Fried's argument and remanded his case to the district court for "an in camera inspection of the materials and a determination of whether the Form 302 was Jencks' material, and if so, whether the court's error in not requiring its production was prejudicial to Fried's cause." United States v. Fried, No. 88-5292 (6th Cir. Aug. 7, 1989).
 
 
 5
 On remand, the district court conducted an in camera review of the memoranda. The court also read a transcript of Curry's testimony at the trial, and reviewed the voir dire examination of Curry. On November 30, 1989, the district court entered an order denying Fried's motion for production of the memoranda, and the court placed the memoranda under seal in the record for transmission to this court in the event of an appeal. In a memorandum accompanying the order, the district court explained that the Form 302 memoranda were not Jencks material because Curry did not review the memoranda after they were transcribed and nor were they shown, read or explained to him. The district court also held that even assuming it erred by denying production of the memoranda, the error was not prejudicial to Fried's cause because the memoranda contained only "skeletal" references to Fried. Fried timely filed the present appeal.
 
 
 6
 The principal issue on appeal is whether the district court erred by finding that the Form 302 memoranda of interviews with Curry were not producible under the Jencks Act.
 
 II.
 
 7
 A district court's ruling on whether a statement is producible under the Jencks Act is subject to a clearly erroneous standard of review. United States v. Nathan, 816 F.2d 230, 237 (6th Cir.1987). Moreover, the district judge who presided at the trial is uniquely situated to determine whether failure to require production of a statement might have been prejudicial error. United States v. Chitwood, 457 F.2d 676, 678-79 (6th Cir.), cert. denied, 409 U.S. 858 (1972).
 
 
 8
 Fried argues that the district court failed to comply with our directive on remand because the district court did not conduct a hearing or call any witnesses to determine if Curry adopted the memoranda as his own statements. Fried contends that he was prejudiced by the nonproduction of Curry's statement because Curry was the principal and virtually sole witness against him. Fried asserts that the district court's failure to comply with the Jencks Act requires this court to reverse his conviction. See Campbell v. United States, 365 U.S. 85 (1961); Palermo v. United States, 360 U.S. 343 (1960); Bergman v. United States, 253 F.2d 933 (6th Cir.1958).
 
 
 9
 The Jencks Act, 18 U.S.C. Sec. 3500, has been incorporated without substantive change into Federal Rule of Criminal Procedure 26.2, which provides in pertinent part:
 
 
 10
 (f) Definition. As used in this rule, a "statement" of a witness means:
 
 
 11
 (1) a written statement made by the witness that is signed or otherwise adopted or proved by the witness;
 
 
 12
 (2) a substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording, or a transcription thereof; or
 
 
 13
 (3) a statement, however taken or recorded, or a transcription thereof, made by the witness to a grand jury.
 
 
 14
 Fed.R.Crim.P. 26.2(f).
 
 
 15
 In United States v. Nathan, 816 F.2d 230 (6th Cir.1987), we established a test for determining whether a government report of a witness' statement is Jencks material which must be produced. This test is known as the "Adoption Test." United States v. Arnold, 890 F.2d 825, 829 (6th Cir.1989). Under the Adoption Test, a government report of a witness' statement is "producible if the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation." Nathan, 816 F.2d at 236-37. "The relevant issue is whether the witness adopted the government's notes as being substantially verbatim to the statement given." Arnold, 890 F.2d at 829.
 
 
 16
 In Arnold, this court held that the district court correctly applied the Adoption Test by asking government witnesses if they had adopted notes taken by government agents concerning their statements. 890 F.2d at 829-30. The witnesses denied adopting the notes, and nothing in the record indicated "that the witnesses signed or read the government's notes or had the notes read to them." Id. at 830. The procedure followed by the district court on remand in this case is consistent with the application of the Adoption Test approved in Arnold.
 
 
 17
 Contrary to Fried's argument, the district court did comply with this court's directive on remand. The district court conducted an in camera inspection of the memoranda and concluded that they were not Jencks material. In reaching this conclusion, the district court reviewed Curry's testimony at the trial, and the court found that Curry's inability to remember what he told FBI agents during the interviews supported his assertion that he did not review the memoranda and that the memoranda were not shown, read or explained to him. Because the district court's application of the Adoption Test is consistent with this court's ruling in Arnold, we hold that the district court complied with our directive on remand and correctly concluded that the memoranda were not adopted by Curry, and, therefore, were not producible under the Jencks Act.
 
 
 18
 The district court further complied with our directive on remand by deciding that even if the memoranda were Jencks material, nonproduction of the memoranda was not prejudicial to Fried's cause. The district court concluded that Fried was not prejudiced by nonproduction because the memoranda contained only "skeletal references" to him. The only references to Fried contained in the memoranda are that Curry sold cocaine to him. Curry testified at the trial that he sold cocaine to Fried, and two other witnesses, Richard Davis and William Chesher, corroborated Curry's testimony that Fried was a cocaine customer of Curry's. Because the trial judge is uniquely situated to determine whether nonproduction of a statement may have been prejudicial, the district court's decision will be reversed only if clearly erroneous. Chitwood, 457 F.2d at 678-79. Having carefully reviewed the Form 302 memoranda of interviews and the trial testimony included in the record on appeal, we conclude that the district court's decision is not clearly erroneous.
 
 III.
 
 19
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 On a previous appeal by Fried, we held that the district court erroneously imposed a special parole term for one count on which Fried was convicted. In United States v. Fried, No. 89-5054 (6th Cir. Dec. 11, 1989), we vacated the special parole term imposed by the district court for Fried's conviction on count 7 of the indictment