## YEATES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1918.)

No. 3287.

1. CRIMINAL LAW ⊸113—PLACE OF PROSECUTION—ALLEGATION OF INDICTMENT.

Allegation, in indictment for violation of White Slave Act June 25, 1910 (Comp. St. 1916, §§ 8812–8819), of the place from which transportation was made, fixes jurisdiction.

2. CRIMINAL LAW ⊸29—DIFFERENT OFFENSES IN SAME TRANSACTION—STATE AND FEDERAL.

There may be a conviction of violation of White Slave Act June 25, 1910 (Comp. St. 1916, §§ 8812–8819), though the offense proved may contain the elements of a graver offense, cognizable by the state laws.

3. CRIMINAL LAW ⊸1156(3)—APPEAL—DENIAL OF NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION.

Disposition of a motion for new trial, based on alleged newly discovered evidence, is within the discretion of the trial judge, reviewable only for manifest abuse.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

James S. Yeates was convicted of violation of the White Slave Act, and brings error. Affirmed.

John R. Cooper, of Macon, Ga., for plaintiff in error.

E. M. Donalson, of Macon, Ga., for the United States.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

BATTS, Circuit Judge. [1] The indictment charges violation of White Slave Act June 25, 1910, c. 395, 36 Stat. 825 (Comp. St. 1916, §§ 8812–8819). The allegation that the transportation was from a place in the Southwestern division of the Southern district of Georgia fixes jurisdiction therein.

[2] The evidence indicates that defendant's unlawful purpose may have been consummated by rape. That the offense proved may con-

tain the elements of a graver crime, cognizable by the state laws, does not affect the prosecution.

The Supreme Court has recognized no qualifications to the comprehensive literal terms of the White Slave Act. Questions as to its constitutionality are foreclosed.

[3] The disposition of a motion for a new trial, based upon alleged newly discovered evidence, is within the discretion of the trial judge, subject to review for manifest abuse. There is in this case an absence of anything to indicate that the motion was not disposed of properly.

The judgment is affirmed.