### SMITH v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   May 10, 1922.)

No. 1939.

1. **Criminal law ⟨⟩938(1), 1156(3)—Ruling on motion for new trial discretionary.**
    A motion for new trial, whether based on the record and evidence or on newly discovered evidence, is addressed to the sound discretion of the court, and its ruling, within such discretion, is not reviewable on writ of error, but such immunity from review is predicated on the court's having reached a correct conclusion as to the facts and of its having given proper consideration to affidavits offered in support of the motion.

2. **Prostitution ⟨⟩4—Conviction for violation of White Slave Traffic Act held not sustained by the evidence.**
    A conviction for knowingly inducing a woman to go from one state into another for immoral purposes, in violation of White Slave Traffic Act (Comp. St. §§ 8812–8819), held not sustained by the evidence, in view of defendant's acquittal on counts charging him with procuring tickets and aiding in her transportation, and of newly discovered evidence, offered in support of a motion for new trial, showing that the trip was planned by the woman for legitimate purposes before the day on which, by her testimony, she had the conversation with defendant.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry Clay McDowell, Judge.

Criminal prosecution by the United States against J. C. Smith. Judgment of conviction, and defendant brings error. Reversed.

E. M. Fulton, of Wise, Va., and R. T. Irvine, of Big Stone Gap, Va., for plaintiff in error.

Clarence E. Gentry, Asst. U. S. Atty., of Charlottesville, Va. (Thomas J. Muncy, U. S. Atty., of Roanoke, Va., on the brief), for the United States.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WADDILL, Circuit Judge.   This is a writ of error to the judgment of the United States District Court for the Western District of Virginia, at Big Stone Gap, rendered on the 10th day of October, 1921, whereby the court overruled the defendant's exceptions to the verdict theretofore rendered against him, and imposed a fine of $500 for the committing of the offense charged.

Plaintiff in error was indicted on six counts, for violating Act June 25, 1910, familiarly known as the White Slave Act.   36 Stat. 825 (Comp. St. §§ 8812–8819).   The first three counts were abandoned, and trial had on the last three, which in substance charged, as follows: The fourth count, that the plaintiff in error "did aid and assist in

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

obtaining transportation" for Mrs. Nannie B. Self, from Freemont, Va., to Pikeville, Ky.; the fifth count, that he "did aid and assist and procure a ticket or tickets" for Mrs. Self from Freemont to Pikeville, Ky.; and the sixth count, that he "unlawfully and knowingly did persuade, induce, entice, and coerce" the said Mrs. Nannie B. Self to go in interstate commerce from Freemont, Va., to Pikeville, Ky., for the purpose of prostitution and debauchery, and for other immoral purposes, and with the intent and purpose on the part of the plaintiff in error that she would so engage in the practice of prostitution and debauchery and other immoral purposes.

The case was heard upon the evidence adduced, without exceptions to the charge by the court, and without motions respecting the sufficiency of the testimony to sustain a conviction, and the jury returned a verdict of guilty on the sixth count only. Plaintiff in error thereupon moved to set aside the verdict because it was contrary to the evidence; that the same, especially in the light of the acquittal under the fourth and fifth counts, was wholly without evidence to support it; that the evidence failed to show that the plaintiff in error persuaded, induced, enticed, or coerced the said Nannie B. Self to make the journey in question; and because the verdict was otherwise improper and unjust, and contrary to both the law and the facts.

The trial court took time to consider this motion, and before the same was acted upon plaintiff in error assigned an additional ground for setting the verdict aside, namely, that of after-discovered evidence, and thereupon tendered his own affidavit in support, and the latter motion, together with the affidavits of three persons, namely, D. G. Kelly, Mrs. Maxie Kelly, and Lawrence Kelly, with affidavits of sundry persons testifying to the character and standing of the three persons whose affidavits were offered in support of the motion. The court, upon consideration of the motion to set aside the verdict, as well originally as upon the after-discovered evidence, overruled the same, and entered the judgment aforesaid, of the 10th of October, 1921, from which this writ of error was sued out.

[1] Sundry assignments of error were made to the action of the court, which need not be considered in detail. The sole question we have to consider is whether or not the testimony in the case was sufficient to warrant the finding of the jury, and the judgment of the court thereon, and whether the court erred in its ruling respecting the after-discovered evidence, and the weight to be given thereto. These two questions will be considered together, since they are largely controlled and governed by the same principles. A motion for a new trial is addressed to the sound discretion of the court, and the granting or refusing to grant the same is not subject to review upon writ of error, nor is the court's action in granting or refusing to grant a new trial, based on after-discovered evidence, subject to such review, since it is, at last, but a part of the application for a new trial. Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917; Holmgren v. United States, 217 U. S. 509, 521, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Holt v. United States, 218 U. S. 245, 251, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; McDonald v. Pless, 238 U. S. 264, 35 Sup. Ct. 783, 59 L. Ed. 1,300; Felton v. Spiro, 78 Fed. 576,

581, 24 C. C. A. 321; Smith v. United States, 231 Fed. 25, 32, 145 C. C. A. 213; Yeates v. United States, 254 Fed. 60, 165 C. C. A. 470.

These immunities from review, as respects both the original motion for a new trial and a motion based upon after-discovered evidence, are predicated upon the court's having reached a correct conclusion as to the facts, and of its having given proper consideration to the affidavits offered in support of the new trial. In this case, having due regard to the weight properly attaching to the ruling on a motion for a new trial, we can but believe that the trial court misapprehended the facts on the original testimony, and, in our judgment, took an erroneous view of the purpose and effect of the after-discovered evidence.

[2] As to the first of these matters, it appears that the jury acquitted the defendant under both the fourth and fifth counts of the indictment, one charging that the defendant "did aid and assist in obtaining transportation" for Mrs. Self from Freemont to Pikeville, and the other that the defendant "did aid and assist in procuring a ticket or tickets for Mrs. Self from Freemont to Pikeville," and the jury convicted only under the sixth count of the indictment, charging that the defendant "did knowingly persuade, induce, entice, and coerce" the said Mrs. Self to make the trip. It was earnestly insisted upon the motion for a new trial that the acquittal under the fourth and fifth counts was a finding that the defendant had not paid the money with which to make the trip as charged, and that, with this fact eliminated from the record, there was no testimony to warrant a conviction under the sixth count of the indictment. This position, if correct, the court conceded, but nevertheless insisted that the acquittal did not necessarily indicate that the jury accepted the defendant's statement against that of Mrs. Self as to the payment of the money, she swearing it was paid on account of the trip by the defendant, and he that he made no payment for any purpose, the court's suggestion being that the money might have been paid on account of expenses of the trip, other than the transportation of Mrs. Self, in which event it would not have been an offense under either the fourth or fifth counts.

In this position, the court was manifestly mistaken, as a careful review of the testimony of Mrs. Self establishes that twice on the 24th day of December, at the post office at Clintwood, in the presence of the accused, she stated that she did not have the money to make the trip, and that the defendant said to her he would furnish the money; that later in the day he gave her the money, saying, "You have no excuse now for not going," and that he furnished the money to make the trip; that she did not have the money for the purpose, or to spare; and that, out of the money so furnished by the accused, she purchased and paid for the ticket. The evidence as to the payment of the money, and the purpose for which paid, and its use, is positive and conclusive from the government's standpoint, and with this testimony, and the acquittal by the jury under the two counts in question, for furnishing the money, and assisting in buying the tickets, certainly no conviction under the sixth count could be maintained on account of the payment of the money, as all inferences arising from its payment, and the purpose for which it was paid, in a criminal case, must be drawn in favor of, and not against, the accused.

Considering the action upon the motion for a new trial, based upon after-discovered testimony, it appears from the court's opinion that it took an erroneous view of the purpose and effect of the affidavits, and did not consider the facts sought to be introduced, as bearing on the motion for a new trial, believing that the matters covered by the affidavits were not material; the court stating (referring to the affidavits) that "what was, said and done was material—exactly when was of no materiality. To set aside a verdict merely to permit the contradiction of immaterial matter would be an unheard of act." The time of the occurrences set forth in the affidavits was even more important on the merits than what was said, as demonstrating the truth or falsity of the government's testimony bearing upon the defendant's guilt. Mrs. Self swore positively, and the government's case was, that the defendant, at the post office at Clintwood, Va., on the 24th day of December, persuaded and induced her to make the trip in question, giving her the money to make the same; that he came to the post office three times that day, to consummate the arrangements for the trip; and that she then arranged therefor, and at no other time or place. The defendant denied all knowledge of any plan for the trip, and that he made payment of any money on account thereof, or knew anything about it. This after-discovered evidence as to what had occurred some two days before the time the defendant was brought into the matter, as testified to by Mrs. Self, is to the effect that she had at that time already planned for the trip for a legitimate purpose, with which the defendant was in no manner connected. The value to the accused of this after-discovered evidence cannot well be over-estimated, and the importance of the time of making the arrangement, as set forth in the affidavits, becomes only too apparent.

The conclusion of the court is that the judgment of the District Court should be reversed, and a new trial awarded.

Reversed.