## BOYD v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
February 25, 1929.

No. 5575.

Charles W. Dempster, of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Gwyn S. Redwine and P. V. Davis, Asst. U. S. Attys., all of Los Angeles, Cal.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. The defendant was convicted for a violation of the Jones-Miller Act, which makes it a crime for any person to "fraudulently or knowingly import or bring any narcotic drugs into the United States * * * contrary to law, * * * or receive, conceal * * * or in any manner facilitate the transportation, concealment * * * of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law." 21 USCA § 174. He appeals, assigning error of the trial court in the admission in evidence of certain narcotics, and overruling a motion for a new trial.

The evidence for the government disclosed that on October 4, 1927, at Calexico, Cal., the defendant engaged a hotel porter to take a handbag to the railway station, and there check it over the Southern Pacific Railway to Los Angeles on a passenger ticket provided by the defendant. The porter did so, and returned the ticket and baggage check to the defendant, and the bag was placed in the baggage car of the Los Angeles train. About that time, or shortly thereafter, a customs-house officer observed the defendant on the street in his shirt sleeves, working with his shirt cuff. After watching him a short time, the officer approached, informed him of his official capacity, and on an examination of the sleeve found pinned therein a small key. The officer then went to the station, got the bag, opened it in the presence of the baggageman, and found therein a small bag, locked, which could be opened with the key found on the person of defendant, and which contained a considerable quantity of morphine. The small bag and its contents was immediately replaced in the larger bag, and the latter taken by the officer to the customs-house at Calexico, and placed in the safe deposit box there, where it remained until a day

or two before the trial, when, at his direction, it was forwarded to him at Los Angeles by rail. When received by him it was sealed with the customs seal. The bag so sealed was produced at the trial, identified by the arresting officer, the seal broken in the presence of the court and jury, the bag opened, and the morphine found therein offered in evidence. The officer and the baggageman each testified that the contents of the bag were then in the same condition as when first seized and opened in the baggage car. There was therefore no error in the admission of the bag and its contents in evidence.

The defendant's defense was that he was in Calexico on a business trip, and about the middle of the afternoon of the day he was arrested he was standing on the street, talking to a friend by the name of O'Brian, when he was accosted by a man named Wood, a casual acquaintance, who said he wanted to send a bag to Los Angeles, and asked the defendant when he was going back to Los Angeles; that the defendant replied not for a few days, but that he had a ticket, and could check the bag for him; that later in the day Wood brought the bag to the defendant, and he requested the porter at the hotel to, check it, which was done; that defendant had no knowledge of its contents.

It is contended on behalf of the defendant that the evidence was insufficient to show that he "fraudulently or knowingly" received, concealed, or facilitated the transportation of the narcotics. The statute under which the indictment is found declares that when, on trial for the violation thereof, the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize a conviction unless defendant explains possession to the satisfaction of the jury. The possession of the narcotic was admitted by the defendant. It was therefore a question for the jury whether his explanation of such possession was satisfactory.

Sundry affidavits were filed in support of the motion for a new trial, all of which, except one, purport to give alleged conversations with Wood, in which he made statements or declarations to the effect that the defendant was acting for him in checking the grip, and that it was checked at his request. In the other affidavit affiant says that he was present at the time Wood gave the defendant the bag, and heard him request the defendant to check it through to Los Angeles. The alleged statements of Wood are, of course, hearsay, and would be incompetent as evidence. Donnelly v. U. S., 228 U. S. 243, 33 S. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710. The matter stated in the other affidavits is merely cumulative. There was no error in overruling the motions.

A motion for a new trial is addressed to the sound discretion of the trial court, and the granting or refusal of the same is not assignable as error, where, as here, the court considered all the affidavits in support of the motion, and after a full hearing denied it in the exercise of a sound discretion. Smith v. U. S. (C. C. A.) 231 F. 25; Andrews v. U. S. (C. C. A.) 224 F. 418; Joyce v. U. S. (C. C. A.) 294 F. 665; Smith v. U. S. (C. C. A.) 281 F. 696.

Judgment affirmed.