**BURNETT v. UNITED STATES.**

No. 9530.

United States Court of Appeals

District of Columbia.

Argued Oct. 6, 1947.

Decided Nov. 3, 1947.

---

104

Mr. Robert Conroy, of Washington, D. C., with whom Mr. Byron Stacy Huie, Jr., of Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Cecil R. Heflin, Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellee.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

GRONER, C. J.

Appellant was in December, 1946, convicted of having knowingly transmitted to an officer of the United States, with intent to defraud the United States, a forged and falsely altered certificate of satisfactory service and separation orders concerning his war service in the Navy.[1] By direction of the court he was acquitted of the charge of having forged the documents.

His subsequent motion for a new trial was denied and he was sentenced in January, 1947, to 6 to 18 months' imprisonment. No appeal was taken.

In March, 1947, he again moved for a new trial, this time on the ground of newly discovered evidence, and this appeal is from the District Court's denial of that motion.

So much of the record in the original trial as counsel ask us to read shows that prior to World War II appellant was employed in the Civil Aeronautics Administration in Washington. At the beginning of the war he gave up this position to accept a commission in the United States Navy, and in September, 1944, was on active service with the rank of Lieutenant Commander. On that date he submitted his written resignation to the Secretary of the Navy, giving as his reason his desire to escape trial by general court martial, and for the good of the service. His resignation was accepted and a letter of separation issued to him, containing the statement that the separation was under conditions other than honorable, and as the result of which he was not entitled to receive a certificate of satisfactory service. Two months later he visited the personnel office of the Civil Aeronautics Administration and made formal application for reinstatement to his former position.[2] When inquiry was made of him whether he had been honorably discharged from the Navy, he indicated that he had not then been formally released. Thereafter appellant endeavored in one way or another, without success, to have the Navy Department favorably change his separation papers, including, as a last resort, an application to the Board of Review for reconsideration of his discharge. He accomplished nothing in this respect, but in June, 1945, he sent to the Civil Aeronautics Administration, in furtherance of his effort to be reemployed by the United States, photostatic copies of separation orders and a certificate of satisfactory service. It shortly developed that these papers were forgeries, were never issued by the Navy and were stolen from the Navy Department between June 18 and June 22, 1945.

At his trial it was conceded that the papers were forgeries, but appellant insisted that he received them in good faith and used them in good faith and that question being submitted to the jury was decided

---

[1] 18 U.S.C.A. § 72 (1940).

[2] 54 Stat. 890, Act Sept. 16, 1940, as amended, 50 U.S.C.A.Appendix, § 308.

against him. And, as we have seen, no appeal was taken. The subsequent motion for a new trial based on alleged newly discovered evidence was supported by appellant's affidavit, in which he set out the fact that some time after the conclusion of the trial he was visited at the jail by two agents of the Federal Bureau of Investigation, that these agents questioned him about the case and showed him for his identification photographs of various employees and Naval Officers attached to the Navy Department, who had access to its files and records and might have assisted in the forgery, and in the course of the interview, he claims, the agents stated to him that they knew and had known from the beginning who forged the documents which were introduced at the trial. The fact that the officers were still investigating the case and the fact that they stated they knew the identity of the forger constitute the sole basis for the claim of newly discovered evidence. But we think appellant's position in this respect wholly untenable and we are unable to see that the introduction of this evidence on a new trial could affect the result. The fact that the police were still investigating the forgery was the natural, indeed the inevitable, result of the finding of the court and jury that appellant was not guilty of the forgery. For in the light of appellant's acquittal in that respect, nothing less than a continued investigation to discover the dis-

honorable employee and dismiss him was possible in the routine protection of Government affairs. The statement of appellant's affidavit that the FBI agents had told him they knew the forger is sufficiently disposed of in the complete denial of its truth by the officers in affidavits made by them and filed by the Government in opposition to the motion for a new trial; and the truth of appellant's claim that they made such a statement is further challenged by the fact that their interviews with him were all directed to the single end of ascertaining who was the forger. For that obvious purpose they showed him photographs of persons employed in the Department and asked him repeatedly to make a statement on the subject.

In the light of these circumstances it is clear that the trial court was entirely correct in refusing to award a new trial, and the exercise of its discretion in that regard is not subject to review in this or any other court. See Weiss v. United States, 5 Cir., 122 F.2d 675, certiorari denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550; Prisament v. United States, 5 Cir., 96 F.2d 865; Luke v. United States, 5 Cir., 84 F.2d 711, certiorari denied 299 U.S. 542, 57 S.Ct. 45, 81 L.Ed. 399; Chambers v. Anderson, 6 Cir., 58 F.2d 151; Yeates v. United States, 5 Cir., 254 F. 60.

Affirmed.