## BATTLE v. UNITED STATES.
### No. 11524.

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1953.

Decided April 23, 1953.

Mr. Stanley M. Dietz, Washington, D. C., for appellant.

Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Charles M. Irelan, U. S. Atty., Washington, D. C., at the time of argument, and John D. Lane, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Messrs. Joseph M. Howard and William E. Kirk, Jr., Asst. U. S. Attys., Washington, D. C., at the time record was filed, also entered appearances for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellant was indicted for first degree murder and convicted of second degree murder. The nub of his complaint on this appeal is that the evidence does not support the verdict and hence the trial court should have granted his motions for either (1) judgment of acquittal notwithstanding the verdict, or (2) a new trial.

Although counsel for appellant urged his contentions with vigor, a careful examination of the record does not persuade us that the trial judge committed reversible error. Denial of the motion for acquittal notwithstanding the verdict was consistent with the rule, laid down in Curley v. United States,

"that a trial judge, in passing upon a motion for directed verdict of acquittal, [now motion for judgment of acquittal] must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. * * * If he concludes that either * * * reasonable doubt or no reasonable doubt * * * is fairly possible, he must let the jury decide the matter." [1]

Moreover, appellant's failure to move for acquittal at the close of the case bars his right to review of the motion for judgment after the verdict.[2] Of course this principle would not restrain us from rectifying manifest error or serious injustice.[3] Such matters are not revealed by the present record.

Denial of a motion for a new trial will not be disturbed on appeal unless the

1. 81 U.S.App.D.C. 389, 392-393, 160 F.2d 229, 232-233, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, rehearing denied 1947, 331 U.S. 869, 67 S. Ct. 1729, 91 L.Ed. 1872.

2. Appellant did move for a directed verdict when the Government rested its case, but, following denial and the introduction of evidence in his behalf, failed to renew his motion at the close of all the evidence. Mosca v. United States, 9 Cir., 1949, 174 F.2d 448, 451, and cases cited in footnote 10 therein; Hall v. United States, 83 U.S.App.D.C. 166, 169, 168 F.2d 161, 164, 4 A.L.R.2d 1193, certiorari denied, 334 U.S. 853, 68 S.Ct.

1509, 92 L.Ed. 1775, rehearing denied 1948, 335 U.S. 839, 69 S.Ct. 9, 93 L.Ed. 391; Cratty v. United States, 1947, 82 U.S.App.D.C. 236, 243, 163 F.2d 814, 851; Ansley v. United States, 5 Cir., 1943, 135 F.2d 207.

3. See Lockhart v. United States, 4 Cir., 1950, 183 F.2d 265; Molina v. United States, 5 Cir.1947, 162 F.2d 198; and Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. which provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

trial court abused its discretion.[4] Clearly it did not in this case. The judgment is therefore

Affirmed.

4. Benton v. United States, 1951, 88 U.S. App.D.C. 158, 160, 188 F.2d 625, 627; Burnett v. United States, 1947, 82 U.S. App.D.C. 360, 362, 164 F.2d 103, 105, and cases cited therein; and see Hall v. United States, 1948, 84 U.S.App.D.C. 209, 212, 171 F.2d 347, 350.

For a discussion of matters to be considered by a trial judge in determining whether to grant a new trial, see United States v. Robinson, D.C.D.C.1947, 71 F. Supp. 9.