**Ralph W. GREENE, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 17235.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 12, 1962.

Decided Jan. 31, 1963.

Mr. David A. Peters, with whom Mr. Albert L. Ledgard, Jr., (both appointed by this court), Washington, D. C., was on the brief, for appellant.

Mr. Robert A. Levetown, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WASHINGTON and BURGER, Circuit Judges, and BELL, Circuit Judge for the Fourth Circuit.*

PER CURIAM.

This is an appeal from a conviction for robbery in which the principal contention is directed at the court's instructions and failure of proof in relation to criminal responsibility. As to the first we find the record shows a conflict in the evidence on the issue of whether appellant suffered any mental disease, defect or disorder and whether, if he did, the act was its "product." The court's

* Sitting by designation pursuant to Sec. 291(a), Title 28, U.S.Code.

charge as originally given on the burden of proof on this issue was deficient and upon counsel's timely objection the District Judge restated the burden of proof. Defense counsel made no further point or comment and in these circumstances we must view the corrective instruction as one which he approved. We have also considered appellant's other contentions and find no error.[1]

Affirmed.

---

1. In the charge to the jury the statement was made that when the "presumption of sanity is called into question by evidence which may tend to show he was not [sane] *the presumption vanishes, and is no longer to be considered.*" This was incorrect; it inadvertently overlooked Davis v. United States, 160 U.S. 469 at 486–488, 16 S.Ct. 353, 40 L. Ed. 499 (1895), which explicitly held that the presumption of sanity remains in the case and is to be considered by the jury along with all other evidence. The error was not prejudicial to the accused, however, and may be disregarded under the circumstances presented here.