**George W. POLLEN, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 3634, 3635.

District of Columbia Court of Appeals.

Submitted Jan. 25, 1965.

Decided Feb. 19, 1965.

Robert H. Duff and James K. Hughes, Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., Frank Q. Nebeker, Edwin C. Brown, and Patrick H. Corcoran, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

These are appeals from convictions for assault[1] and carrying a dangerous weapon.[2] Appellant was sentenced to 120 days' imprisonment on each charge, the sentences to run concurrently.

The complaining witness testified that about 8:30 p. m. on April 16, 1964, she was approached by appellant while waiting for a bus in the 3700 block of Reservoir Road, N.W. She tried to ignore some remarks made by appellant but then she noticed a knife in his hand. She stated he threatened to tear her blouse, throw her on the grass, and kiss her if she refused his demands. Being afraid, she permitted ap-

1. Code 1961, § 22–504.

2. Code 1961, § 22–3204.

pellant to touch her. When the bus arrived, upon his demand, she acquiesced in a kiss, after which he agreed to let her board the bus.

Appellant testified in his own behalf and stated he was not present at the time and place of the offense. A witness appeared to corroborate his testimony.

 Appellant's first contention is that the evidence was insufficient to support the conviction for assault. Since there was no motion for a judgment of acquittal at trial, this issue is not properly before us for appellate review. Battle v. United States, 92 U.S.App.D.C. 220, 206 F.2d 440 (1953). Nevertheless, we have carefully reviewed the testimony and find it was more than sufficient to support the conviction for assault. Ingram v. United States, D.C. Mun.App., 110 A.2d 693 (1955); Stitely v. United States, D.C.Mun.App., 61 A.2d 491 (1948). The crucial question was one of credibility to be resolved by the trial court as the trier of fact. Since there was competent and substantial testimony to support his determination, it must be upheld.

Appellant next contends there was insufficient evidence to support the conviction for carrying a dangerous weapon. Whether a knife is a dangerous weapon depends upon the circumstances in each case, Degree v. United States, D.C.Mun. App., 144 A.2d 547 (1958), but in view of the concurrent sentences there is no need to review the evidence here. Willis v. United States, D.C.App., 198 A.2d 751 (1964).

Appellant further contends that the court erred by interrogating the complaining witness, by permitting her to testify she was shown a picture of appellant prior to her personal confrontation with him, and by refusing a continuance at the close of all the testimony in order to obtain additional alibi witnesses. The first two points were not raised at trial and did not affect the substantial rights of appellant.

The last point was a matter within the trial court's discretion and there is no showing either of an abuse of discretion or that the alleged testimony would have been more than cumulative.

Affirmed.

HOOD, Chief Judge, concurs in the result.