Lucius Frank McKOY, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4922, 4923.

District of Columbia Court of Appeals.

Argued Sept. 29, 1969.

Decided March 24, 1970.

Lawrence J. Winter, Washington, D. C., for appellant.

Warren R. King, Asst. U. S. Atty., for appellee.

Thomas A. Flannery, U. S. Atty., John A. Terry, John F. Rudy, Robert S. Bennett, and D. William Subin, Asst. U. S. Attys., were on the brief, for appellee. Roger E. Zuckerman, Asst. U. S., Atty., also entered an appearance for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

██ Appellant was convicted by a judge sitting without a jury of petit larceny, D. C.Code 1967, § 22–2202,[1] and possession of implements of a crime, D.C. Code 1967, § 22–3601, consisting of a syringe, two needles, a "cooker"[2] and three caps containing traces of heroin.[3] On appeal, appellant asserts[4] that the trial judge erred in not allowing him to dismiss his retained attorney near the close of the trial and in not declaring a mistrial, sua sponte,[5] upon hearing from appellant in open court that his attorney believed him to be guilty. Appellant also argues that Section 22–3601 is unconstitutional on grounds of vagueness and self-incrimination.

The trial before the court began on October 31, 1967. The arresting officer testified both as to what he had observed appellant doing at the time in question[6] and what the complainant in the petit larceny case, who was then out of the jurisdiction on duty with the Royal Canadian Navy, had said in appellant's presence. The case was continued at the insistence of· appellant's trial counsel so that the complainant could be produced for cross-examination. The trial resumed on December 11, 1967, but upon the conclusion of complainant's testimony it was continued until January 15, 1968, because of a misunderstanding between the prosecutor and appellant's attorney as to the availability that day of an expert witness for the Government. One further continuance was granted to February 15th on which date appellant failed to appear. He was arrested on a bench warrant and the trial recommenced on April 25, 1968.

Appellant's counsel advised the court when the case was called that his client had just asked him to withdraw from the case. With the trial court's permission appellant stated in open court that his attorney four months earlier had expressed the opinion in a telephone conversation between them that he was guilty. Appellant further stated that the continuances had been granted without his approval.[7]

The trial judge, after determining that appellant's trial counsel would and could continue his representation of appellant, stated:

The Court is constrained to comment for the record from his personal obser-

---

1. An appeal was noted from this conviction, but it was neither briefed nor argued. An independent review reveals no errors requiring reversal; we therefore affirm.

2. A "cooker" may be any metallic, cup-shaped implement in which heroin crystals are heated and liquified for purposes of injection into the body.

3. Imposition of sentence was suspended for two years upon the condition that appellant remain under the supervision of Bonabond, and obtain treatment at a rehabilitation center.

4. The following asserted errors were not included in the "Statement of Errors Claimed" initially filed in this court. However, the Government raised no objection to these matters being included in the briefs and oral argument, and in the interests of justice we have treated them as being properly before this court.

5. No request for a mistrial was ever made by counsel during the trial.

6. Appellant offered to produce "a girl" for the complaining witness and then sought to make off with complainant's payment without keeping his part of "the bargain".

7. We have no reason to fault appellant's trial counsel for his two requests for continuances. They appear justified under the circumstances. We note that a large part of the delay in the trial of this case was attributable to appellant's failure to appear for trial when scheduled.

vation and the conduct of Mr. Mc-Clelland [appellant's counsel] throughout this protracted trial, that he has given the defendant very effective, competent protection and representation. He has left no stone unturned, from the observation of this Court, to adequately defend the interests of this defendant.

After reviewing the record, we agree with the trial judge that appellant's trial counsel did perform competently and that appellant enjoyed effective assistance of counsel at trial. The right to counsel "cannot be * * * manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." United States v. Bentvena, 319 F.2d 916, 936 (2d Cir.), cert. denied, Armento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963).

■ When faced with a request for a change of counsel, either retained or appointed, the court must consider the merits of the defendant's complaints, the delay between the cause of the dissatisfaction and the request, the nearness to trial or completion thereof, and the general dictates of fairness and justice both for the defendant and the Government. *See generally* United States v. Llanes, 374 F.2d 712, 717 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967); McGill v. United States, 121 U.S.App.D.C. 179, 183, 348 F.2d 791, 795 (1965); Sanchez v. United States, 311 F.2d 327, 333 (9th Cir. 1962), cert. denied, 373 U.S. 949, 83 S.Ct. 1678, 10 L.Ed.2d 704 (1963). The performance of counsel should also be evaluated. Smith v. United States, 122 U.S. App.D.C. 300, 307, 353 F.2d 838, 845 (1965), cert. denied, *sub nom.,* Cunningham v. United States, 384 U.S. 910, 86 S.Ct. 1350, 16 L.Ed.2d 362 (1966). We believe that under the facts and circumstances of this case, especially in view of the nearness to conclusion of the trial and the demonstrable effectiveness of appellant's counsel at trial, the court did not abuse its discretion in refusing to dismiss counsel.

■ As for the trial court's alleged error in not declaring a mistrial at that time we note that it was appellant who chose to raise before the court the matter of his counsel's belief as to his guilt. Counsel's opinion about appellant's guilt was not the result of confidential information; to the contrary, appellant stated that he had never wavered from professing his innocence to counsel throughout the course of the trial. Counsel acknowledged:

> I believe it is true, as Mr. McCoy [sic] has stated, that during the course of the conversation and *in response to the questioning whether I felt he was guilty,* I will have to acknowledge that I did tell him that from what I had seen and heard, I thought he was guilty, but it didn't have any connection whatever with my obligation to * * * do the very best job that I could in his case and of course, that has been my objective all along. * * * (Emphasis supplied.)

There is no rule of law that counsel must believe in defendant's innocence in order to render effective assistance and that a trial court must relieve any defense counsel who does not personally believe in the innocence of his client.

■ Frequently, improper comments are made by witnesses or attorneys in the course of trials, but such comments do not automatically necessitate the declaration of a mistrial, with the added burden that develops for both defendant and Government. Here, without a jury, the judge had considerable latitude in exercising his discretion to declare a mistrial; it was incumbent upon him to terminate the trial only if he believed he had been exposed to comments that prevented him from reaching a verdict solely on the relevant evidence. We are satisfied upon our review of the record that the trial judge did not abuse his discretion by failing to declare, *sua sponte,* a mistrial.

■ Lastly, appellant contends that Section 22–3601 is unconstitutionally vague

and violates the privilege against self-incrimination. The elements of the offense are:

(a) possession of an implement usually employed or that reasonably may be employed in the commission of any crime; and

(b) intent by defendant to use such implements in a crime, Benton v. United States, 98 U.S.App.D.C. 84, 232 F.2d 341 (1956), such intent being capable of proof by inference from possession of implements raising "sinister implications", *i. e.*, high likelihood of no legitimate use. *Benton, supra.*

Thus defined, we believe that Section 22–3601 provides sufficient notice so that persons of ordinary intelligence can ascertain the line separating guilty from innocent acts, Ricks v. District of Columbia, 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968), and is therefore not unconstitutionally vague. Narcotics paraphernalia, including such items as hypodermic needles, syringes, and cookers, are considered implements that are usually employed in the crime of illegal administration of narcotics, D.C. Code 1967, § 33–402(a); e. g., Edelin v. United States, D.C.App., 227 A. 2d 395, 397 (1967). The only possible use of the complete narcotics "kit" found in appellant's possession is to administer heroin, a fact that abundantly supplies the requisite criminal intent. Thus, appellant's conduct fits squarely under Section 22–3601.

■ Section 22–3601 further provides that a satisfactory account for possession of an implement otherwise covered in that section is an affirmative defense. Johnson v. United States, D.C.App., 255 A.2d 494, 496 (1969). In the context of Section 22–3601, a "satisfactory account" has a narrow meaning: a lawful purpose for possessing such implements. It is little more than a restatement of the *Benton* requirement that there be culpable intent. Therefore, the vagueness created in parts of the general vagrancy law by the inclusion of "good account" clauses, ruled unconstitutional in *Ricks, supra,* is not present in Section 22–3601. United States v. Mc-Clough, D.C.App., 263 A.2d 48.

■ Lastly, the "satisfactory account" clause does not violate the privilege against self-incrimination because of its availability as an affirmative defense. One who is found in possession of a narcotics "kit" is privilege to remain silent, but must bear whatever reasonable inferences a jury may draw from that possession, with regard to his intent to use the "kit" to commit a crime. United States v. McClough, *supra; See* Leary v. United States, 396 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

Affirmed.