**Calvin RICHARDSON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5598.**

District of Columbia Court of Appeals.

Argued March 16, 1971.

Decided April 20, 1971.

James Edward Starrs, appointed by this court, Washington, D. C., for appellant.

C. Madison Brewer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before FICKLING, PAIR and REIL-LY, Associate Judges.

REILLY, Associate Judge:

Appellant, charged by information with possession of the implements of a crime

(narcotics paraphernalia) in violation of D.C.Code 1967, § 22–3601, was found guilty by a jury and sentenced to 180 days' imprisonment. The sole issue raised on appeal is whether the trial court erred in permitting the case to go to a jury.

At the trial, Samuel Blackburn, an officer of the Metropolitan Police Department, testified that on July 7, 1970, at approximately 11:30 P.M., he and Officer Martin Holland, both in plain clothes, observed appellant and a companion seated on a curb by a "carry-out" restaurant at 1164 Bladensburg Road, N.E. Blackburn said he approached them and asked appellant if he knew where "John" lived, and received a negative answer. As the officers walked away, appellant and his companion then rose, and, after pointing in the officers' direction, proceeded toward Bladensburg Road. The officers followed and, almost immediately thereafter, saw appellant drop something from his right hand.

Blackburn, testifying that he was within 10 feet of appellant when he saw him drop something, and that he never lost sight of what had been dropped, went over to the spot and recovered a syringe, a needle, and a soda bottle top with a sooty, black smudge on the bottom—all within 18 inches of one another. An expert witness from the Narcotics Squad explained how the particular items could be used to administer heroin, and a chemist testified that his qualitative analysis disclosed no traces of narcotics in the syringe or needle but did reveal heroin traces in the bottle top. No further evidence was presented by the prosecution.

Appellant testified that on the evening in question he had been playing basketball in the neighborhood and was indeed sitting on the curb when he was approached by a stranger who asked if he knew where "John" lived. He stated that he and his companion were arrested just after getting up and beginning to walk away. Appellant denied dropping the items introduced against him, although he did recall that he dropped his wallet from his left hand at the time of his arrest.

The elements of the offense charged are (1) possession, actual or constructive, of implements; (2) which are usually, or reasonably may be, employed in the commission of a crime; and (3) intent by defendant to use such implements in a crime. McKoy v. United States, D.C.App., 263 A. 2d 645 (1970); see Benton v. United States, 98 U.S.App.D.C. 84, 232 F.2d 341 (1956).

In this court, appellant contends that the evidence was insufficient to support the conviction. As the record discloses that no motion for a judgment of acquittal was made at trial,[1] the issue is not properly before us on appeal. Pollen v. United States, D.C.App., 207 A.2d 114 (1965); Battle v. United States, 92 U.S. App.D.C. 220, 206 F.2d 440 (1953). In the absence of such a motion the trial court's failure to direct an acquittal for insufficiency of the evidence will be disturbed only to correct "manifest error" or "serious injustice".[2] Battle, supra, at 441. Bearing in mind the trial court's obligation to view evidence in light most favorable to the Government on a motion for a judgment of acquittal, we find after a careful examination of the record, no error or injustice in allowing the case to go to the jury or in the result.

As to the crucial element of possession, no issue is more plainly suited for jury determination than that of the credibility of witnesses, and the jury was entitled to believe the testimony of Officer Blackburn, rather than the denials of appellant. The "sinister implication" of the implements raised sufficient evidence for the jury as to the two remaining elements. As this

1. GS Crim.Rule 29(a).

2. See GS Crim.Rule 52(b).

court said in *McKoy, supra,* 263 A.2d at 649:

> The only possible use of the complete narcotics "kit" * * * is to administer heroin, a fact that abundantly supplies the requisite criminal intent.[3]

Affirmed.

---

3. Appellant's "kit" lacked the three capsules containing traces of heroin found in *McKoy*, but, in view of the traces of heroin found in the bottle top, the instant case is not distinguishable.