UNITED STATES of America
v.
Glynn P. TODD, Appellant a/k/a Daniel W. Carter.

No. 71–1383.

United States Court of Appeals, District of Columbia Circuit.

Feb. 28, 1972.

Mr. Donald J. Caulfield, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, John G. Gill, Jr., and

James A. Adams, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was convicted on a charge of robbery by fear, 22 D.C.Code § 2901, and sentenced under the Federal Youth Corrections Act. He was identified as the man who entered McDonald's restaurant on September 8, 1970, and handed to Oliver Cole, at the cash register, a paper bag and a cardboard which had a note on it: "This is a holdup. Give me all of the money or I will kill you."

In the course of the mistaken identity instruction, charging that the Government had to prove beyond a reasonable doubt not only that the offense was committed as alleged in the indictment, but the identity of defendant as the offender, the judge said (Tr. 137):

> The defense does not deny, as I understand the position of counsel, that a robbery did take place in that McDonald's restaurant, but the defense takes the position that the person who committed the robbery was not this defendant.

The error assigned is that the defense did contest the element of robbery of "putting in fear," since Cole testified that in giving the money, and at the same time pressing the alarm button that summoned the police, he did not think the man had a gun or knife, nor was he afraid of the man, but transmit-

ted the money because he felt that he could catch the man, and also because he was frightened a little by the fact that the man had at least purported to signal someone on the outside (who might shoot through the window).

The instruction should have put it that defendant did not deny that an "offense" took place. If defense counsel had objected, the trial judge would undoubtedly have promptly corrected the slip. The court was well aware of the problem, as defense trial counsel knew, for in denying defense motion for acquittal at the end of the prosecution case the court said the evidence, viewed favorably to the prosecution, indicated "he was a little frightened, that is why he gave the money. It is up to the jury to determine whether that constitutes a state of mind of the requisite fear." [1] The prosecutor requested a lesser-offense instruction on attempted robbery because of the possibility of a reasonable jury doubt on the element of handing over the money because of fear (Tr. 124). Defense counsel made no objection but said that lack of fear was not a point counsel would "be driving home in closing argument." [2]

We must take the instruction in overall context. Subsequent to the mistaken identity charge, in the instruction on the elements of the offense, the jury was clearly charged on the necessity of finding beyond a reasonable doubt that possession was taken by force or by putting the victim in fear.[3] And the very giv-

---

1. In agreeing to give a lesser offense charge of attempted robbery, the trial judge noted that Cole was a police cadet, and added (Tr. 125): "I have noted that one of the most productive words that defense counsel can use with a policeman is to ask him if he was afraid. I have never heard any policeman, under any circumstances ever admit he was afraid. It's like asking him if he's a coward. * * * But he did say he was frightened. I don't know what the distinction between the two is."

2. While this is not an estoppel, and was probably a tactical choice to prevent this contention from undermining the primary

defense of mistaken identity, it bears on the issue of prejudice. Indeed the mistaken identity instruction was initiated by the court for the benefit of the defense, after defense counsel had proposed changes in other instructions, on alibi and credibility of witnesses, based on the defense theory that the Government witnesses were mistaken.

3. The judge gave the charge that is conventionally given in this jurisdiction: "[T]o establish the second essential element of the offense, it is necessary that possession of such property have been taken by force or violence, whether against resistance or by putting the vic-

ing of a subsequent charge on attempted robbery indicated that there was an issue whether there was a robbery. We do not see the kind of error or prejudice that we think requisite for reversal, on the ground of plain error, under Rule 52(b), Federal Rules of Criminal Procedure.

Affirmed.

tim in fear. * * * If possession was acquired by putting the complaining witness in fear, without the employment of actual force or physical violence against his person, this requirement of force or violence is satisfied if the transaction was attended by circumstances such as threats by word or gesture as in common experience are likely to create a reasonable apprehension of danger and cause a person to part with property for the sake of safety."