**Claude JAMES, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9059.**

District of Columbia Court of Appeals.

Argued Oct. 8, 1975.

Decided Jan. 22, 1976.

Rehearing and Rehearing en Banc Denied April 27, 1976.

Gaillard T. Hunt, Washington, D. C., appointed by this court, for appellant.

Donald L. Abrams, Asst. U.S. Atty., with whom Earl J. Silbert, U.S. Atty., John A. Terry, James F. McMullin, and Regina C. McGranery, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

■ This appeal arises from a conviction for possession of the implements of a crime (narcotics paraphernalia), in violation of D.C.Code 1973, § 22–3601. We conclude that the statute does not impermissibly shift the burden of proof when it allows an accused to show innocent possession, that the statute is not vague, and that there are no instructional infirmities.[1] We affirm.

■ Appellant was discovered by police in the stairwell of a hotel which through case records we judicially know to be frequented by narcotics users, *Dorsey v. United States*, 125 U.S.App.D.C. 355, 372 F.2d 928 (1967). He had in his possession a syringe filled with a pinkish substance that forensic analysis showed to be phenmetrazine, a controlled substance that is used as a heroin substitute.

Appellant contends that the statutory provisions recognizing that a possessor may advance an affirmative defense by showing a satisfactory and innocent account for the possession of the implement is unconstitutional in light of the Supreme Court's recent decision in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.

2d 508 (1975) (decided after appellant's trial). On the assumption and to the extent that appellant may have sufficiently preserved this point at trial, we hold that § 22–3601 does not offend the due process holding in that recent case. It must first be recognized that the ability to offer a satisfactory or innocent account for the possession of contraband exists independent of a statutory provision to that effect. *See Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *cf. Hines v. United States*, D.C.App., 326 A.2d 247 (1974).

There are several reasons why *Mullaney* is not controlling in these circumstances. *Mullaney* held that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged. In reaching that conclusion the Supreme Court found that the Maine homicide law violated due process by requiring a defendant, in order to reduce murder to manslaughter, to prove by a preponderance of the evidence that he acted in the heat of passion or sudden provocation. In the unanimous opinion it was noted that there is "no unique hardship on the prosecution that would justify requiring the defendant to carry the burden of proving a fact so critical to criminal culpability." *Id.*, 421 U.S. at 702, 95 S.Ct. at 1891, 44 L.Ed.2d at 522 (footnote omitted). In this type of case only the accused could know of possible innocent reasons why he may have possessed the implements of a crime, and it does not violate due process to require him to give a satisfactory explanation for otherwise validly presumed criminal possession.

■ Further, *Mullaney* dealt with an imposed presumption of malice in homicide

---

[1]. The instructional issues raised do not constitute error: (1) the court did not err in refusing to give the missing witness instruction where the evidence showed that the witness was a friend of appellant and equally available to both sides, *Haynes v. United States*, D.C.App., 318 A.2d 901 (1974); *Smith v. United States*, D.C.App., 315 A.2d

163 (1974); and (2) the court did not err in denying the instruction in the defense of intoxication as the inability to form intent is not a defense to possession of narcotics implements, *McKoy v. United States*, D.C.App., 263 A.2d 645 (1970). We have considered the other assertions of error and find them to lack merit sufficient to warrant reversal.

and placement of the burden on the accused to produce evidence of a lesser degree of culpability. The instant case is unlike the erroneous presumption that malice aforethought exists from the mere fact of a homicide. Here, we deal with a statutory recognition of a common law defense of lack of criminal intent which for these purposes is not unlike the insanity defense. Indeed, the majority opinion in *Mullaney* recognized that distinction, as did the separate opinion of Mr. Justice Rehnquist, by discussing *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (insanity defense burden on the accused). Thus, the Supreme Court was acknowledging the difference between permitting a presumption of malice to flow from a homicide (an atypical situation) as distinguished from the accepted presumption that everyone is sane.[2] In *Johnson v. United States*, D.C. App., 255 A.2d 494, 496, quoting from *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), this court said:

> A presumption or inference may reasonably arise when "it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." . . .

To hold that malice may not be presumed from the fact of a homicide does not lead to the conclusion that it is also contrary to due process to presume that possession of contraband is with requisite knowledge, absent proof from the accused to the contrary. Here, the statute and the instruction recognized the availability of a complete defense which, if believed, would give rise to a reasonable doubt of guilt. The burden of proof beyond a reasonable doubt of every element of the crime was still on the prosecution. We therefore conclude that the placement on the defendant of the burden of showing innocent possession of the implements of a crime under D.C.Code 1973, §. 22–3601 does not violate due process. *See also Johnson v. United States, supra.*

■ Appellant's contention that D.C. Code 1973, § 22–3601 is vague and overbroad and does not specifically prohibit possession of narcotics implements is without merit. *Rosenberg v. United States*, D. C.App., 297 A.2d 763 (1972); *McKoy v. United States*, D.C.App., 263 A.2d 645 (1970); *Benton v. United States*, 98 U.S. App.D.C. 84, 232 F.2d 341 (1956). Section 22–3601 has been subjected to a narrowing interpretation which limits its application to implements and circumstances suggesting sinister implications. *Benton v. United States, supra.* As such, we hold that it "has been construed to forbid identifiable conduct" just as if so worded by Congress, and that the claim of vagueness must be decided in that context. *Wainwright v. Stone*, 414 U.S. 21, 23, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973). *Cf. Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). In examining this statute "in the light of the facts of the case at hand",[3] we perceive no vagueness infirmity.

Accordingly, the judgment of conviction is

*Affirmed.*

2. *Greene v. United States*, 114 U.S.App.D.C. 266, 267 n. 1, 314 F.2d 271, 272 n. 1, citing *Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). The same may be said for the inference to be drawn from a uniquely available missing witness.

3. *United States v. Powell*, —— U.S. ——, 96 S.Ct. 316, 46 L.Ed.2d 228 (decided Dec. 2, 1975), quoting *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975).