**Derrick E. NOAKS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83-1164.

District of Columbia Court of Appeals.

Submitted Dec. 14, 1984.

Decided Jan. 18, 1985.

---

Thomas R. Kennedy, Washington, D.C., appointed by this court, was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Catherine R. Mack, and Charles W. Cobb, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before FERREN, TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellant was convicted of robbery by stealthy seizure, in violation of D.C.Code § 22–2901 (1981). His sole contention on appeal is that robbery by stealth requires that the victim be unaware of the taking. Therefore, he argues that since the police decoy he robbed was aware that his pocket was being picked, his conviction must be reversed for insufficiency of the evidence. We disagree and affirm.

One evening in March 1983, Officer William Manning of the Metropolitan Police was assigned as a "robbery decoy victim" to the Street Crime Unit in the First District. His role in that assignment was to "go to a high crime area, pose as a person that would be susceptible to a robbery, and then proceed to let someone rob [him]." On this particular evening Officer Manning, dressed in casual clothes, was sitting in the doorway of a building on 13th Street, N.W., "sort of curled to one side," with his eyes closed, pretending to be asleep. In his jacket pocket was a wallet containing two marked one-dollar bills. Across the street, concealed in an upper floor of an office building, were several other police officers, including Officer Lewis Cannon, who was watching Officer Manning through a pair of binoculars.

After Officer Manning had been feigning sleep for a few minutes, appellant came up to him and said, "Hey, hey, Slim. Hey, Slim." When Manning did not answer, appellant shook him a couple of times. Then, after waiting for some pedestrians to go by, appellant bent down and removed the decoy wallet from Officer Manning's pocket. He reached into the pocket a second time but found nothing more; then he walked away. Officer Manning's eyes remained closed, but he felt the hand in his pocket and felt the wallet being removed.

Officer Cannon, viewing these events through binoculars, immediately reported what he had seen to his sergeant, who in turn radioed the information to two officers on the street. As they approached appellant, who was walking south on 13th Street a short distance away, they saw him remove the contents from a wallet he had in his hand and throw the wallet away. The officers arrested appellant, searched him, and found in his pocket the two marked one-dollar bills which had originally been in Officer Manning's possession. The discarded wallet was also recovered.

■ Appellant contends that there was insufficient evidence to sustain his conviction. At the outset he must overcome the fact that although defense counsel at trial[1] made a motion for judgment of acquittal at the close of the government's case, he failed to renew the motion at the close of all the evidence. Consequently, the sufficiency of the evidence "is not properly before us on appeal." *Richardson v. United States*, 276 A.2d 237, 238 (D.C. 1971) (citations omitted). In such circumstances, the trial court's failure to enter a judgment of acquittal will not be disturbed

---

1. Appellant is represented by different counsel on appeal.

unless the record discloses "manifest error" or "serious injustice." *Id.*, citing *Battle v. United States*, 92 U.S.App.D.C. 220, 221, 206 F.2d 440, 441 (1953). We find no manifest error or serious injustice here. On the contrary, we are convinced, "after reviewing the evidence in the light most favorable to the prosecution, [that] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original; citation omitted). Thus, even if the issue of evidentiary sufficiency had been properly preserved for appellate review, we would not reverse the conviction.

■ As appellant concedes, robbery can be accomplished by stealth without any fear on the part of the victim. Under our robbery statute, D.C.Code § 22–2901 (1981), a robbery can be committed either "by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear...." Congress, in enacting the statute in 1901, deliberately expanded the common-law definition of robbery "so as to include an unlawful taking of property from the person of another, by sudden or stealthy seizure or snatching, without violence or putting in fear, and with the exercise of only sufficient force to accomplish the actual taking of the property." *Turner v. United States*, 57 App.D.C. 39, 40, 16 F.2d 535, 536 (1926). Acknowledging that robbery can be committed in several different ways, appellant nevertheless argues that an essential element of robbery by stealth is the victim's lack of knowledge of the crime.

His argument hinges on a novel but erroneous reading of *Spencer v. United States*, 73 App.D.C. 98, 116 F.2d 801 (1940). In *Spencer*, while the victim was in bed with a prostitute engaged in sexual relations, another prostitute furtively removed some money from the victim's trousers, which

were lying on a chair at the foot of the bed. The court rejected the defendant's argument that the victim must be aware of the crime while it is being committed:

> "Stealth" necessarily connotes lack of knowledge on the part of the victim. It is settled that the robbery statute of the District does not require knowledge on his part.

*Id.* at 99, 116 F.2d at 802 (citations omitted). Appellant, relying on *Spencer*'s definition of stealth, contends that his conviction must be overturned because Officer Manning was aware of the robbery as it was taking place, so that the element of stealth was lacking.

Appellant's twisted reading of *Spencer* must be rejected for several reasons. First, it is clear that the court in *Spencer* merely stated that the victim need not be aware of the crime; it never held, even implicitly, that the victim's lack of knowledge was an element of robbery by stealth. Second, appellant's contention finds no support in the case law. It is true that "[g]enerally, a stealthy taking will be an unobserved taking." *Davis v. United States*, 140 U.S.App.D.C. 116, 119, 433 F.2d 1222, 1225 (1970). It does not follow, however, that it *must* be unobserved. If we were to accept such an argument, those robbers who bungle their attempts at stealthy takings, thereby alerting their victims to the fact that they are being robbed, could never be convicted. Surely that is not the intent of the statute. Finally, such a ruling would require us to overrule prior decisions upholding robbery convictions based on police decoy operations, such as *Jefferson v. United States*, 474 A.2d 147 (D.C.1984), which we are not willing to do.[2]

We therefore hold that the statute does not require the victim of a robbery by stealth to be ignorant of the fact that he is being robbed. Appellant's conviction is accordingly

*Affirmed.*

---

**2.** *United States v. Todd,* 149 U.S.App.D.C. 356, 463 F.2d 302 (1972), on which appellant also relies, has no bearing on this case. The defend-

ant in *Todd* was convicted of robbery by "putting in fear," under a different portion of the statute from that involved here.